UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

**UNIVERSAL-1 IMPORTS, INC.,**

                                                                      Case No. 24-11338-SMG

    Debtor.
_____/

**GREEN TREE CAPITAL, LLC,**

     Plaintiff,

v.

**US HEALTHCARE DISTRIBUTORS, LLC**           Adv. Pro. No.
**and BERNADETT CSILLAG,**

    Defendants.
_____/

**COMPLAINT FOR: (1) DECLARATORY RELIEF; (2) CONVERSION; (3) POST-PETITION TRANSFERS; (4) TURNOVER; (5) ALTER EGO; (6) SUBSTANTIVE CONSOLIDATION; (7) BREACH OF FIDUCIARY DUTY; AND (8), UNJUST ENRICHMENT**

1

Plaintiff, Green Tree Capital, LLC (the "Green Tree" or the "Plaintiff"), by and through its undersigned counsel, files its complaint for: (i) declaratory relief; (ii) conversion; (iii) post-petition transfers; (iv) turnover; (v) alter ego; (vi) substantive consolidation; (vii) breach of fiduciary duty; and, (viii) unjust enrichment against Defendant, US Healthcare Distributors, LLC ("Defendant") and Bernadett Csillag ("Csillag"), and as good grounds therefor, states the following:

## I.    JURISDICTION AND VENUE

1. This is an adversary proceeding pursuant to 11 U.S.C. §§ 105, 541, 542, 544, 549 and 550 and Rule 7001 of the Federal Rules of Bankruptcy Procedure and applicable non-bankruptcy federal and state law, to seek recovery, damages and related relief, on behalf of the bankruptcy estate of the Debtor, Universal-1 Imports, Inc. (the "Bankruptcy Estate").

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

3. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2)(A), (E) and (0).

4. Venue of this adversary proceeding in this district is proper under 28 U.S.C. § 1409(a).

## II.    PARTIES & BACKGROUND

5. Green Tree, a creditor of the estate, brings this action for the benefit of all creditors of the Bankruptcy Estate.

6. The Debtor, Universal-1 Imports, Inc. (the "Debtor"), is a corporation organized under the laws of the State of Florida, that has its principal place of business at 8218 Commerce Way, Miami Lakes, Florida 33016.

2

7. The Debtor's President and sole owner is Bernadett Csillag.

8. Defendant, US Healthcare Distributors, LLC is a limited liability company organized under the laws of the State of Florida, with its principal place of business at 5801 E 10 Avenue, #108, Hialeah, FL 33013. On January 12, 2024, Defendant's address was changed from 8218 Commerce Way, Miami Lakes, Florida 33015, according to the Secretary of State.

9. The Defendant's President and sole owner is Bernadett Csillag.

10. Csillag is an individual residing at 6515 Collins Avenue, Miami, Florida.

11. The Debtor's affiliated entities, include the following: Prompt Logistics, Inc., United Sierra Group Corp. (having a principal address at 5801 E 10th Ave, Hialeah, FL), Prime Imports of Guyana SA Corp. (having a principal address at 8218 Commerce Way, Miami Lakes, FL 33016), Infinity Freight & Logistical Services, Inc., Star 2019 Properties, LLC, Pro Beauty Concepts, Inc. Globus Industries LLC, Artistic Trendz, LLC (collectively, the "Affiliates").

12. Upon information and belief, Csillag is the sole owner and officer of the Affiliates.

13. Although not an officer or director, the individual with broad decision-making authority on behalf of the Debtor, Defendant and Affiliates is Nasir Khan, also known as David Khan. Khan was previously married to Csillag.

14. On February 13, 2024, the Debtor filed its voluntary Subchapter V petition under Chapter 11 of the Bankruptcy Code (the "Petition Date").

15. When the Debtor filed its voluntary petition, its operations had essentially ceased.

3

### III.     TRANSACTIONS WITH GREEN TREE

16. On December 19, 2023, the Debtor, Affiliates and Green Tree were parties to an Agreement, whereby the Debtor promised to pay Green Tree, in exchange for advances made by Green Tree, a sum certain for future accounts receivables, plus additional fees as more fully described herein (hereinafter, the "Green Tree Agreement"). The transaction was secured by a UCC-1 Finance Statement recorded as Instrument No. 202303430508 in the Florida Secured Transaction Registry on February December 19, 2023.

17. As security for the payment of all amounts due Green Tree, the Debtor granted to Green Tree, pursuant to the Green Tree Agreement, security interests in and liens upon all present and future: (a) accounts, chattel paper, documents, equipment, general intangibles, instruments, and inventory, all proceeds as defined in Article 9 of the Uniform Commercial Code, funds in the Debtor's account assets of the Debtor and Guarantors.

18. The amount owing to Green Tree under the Green Tree Agreement is approximately $5,465,990. The amount includes rollovers of balances owed to Green Tree by the Debtor from previous transactions involving made to the Debtor occurring on November 22, 2023 and December 8, 2023 in the amounts of $1,400,000 and $2,587,000.

19. The Defendant is not party to the Green Tree Agreement.

20. The Debtor reported it generated gross revenues of $17,234,124 in 2023. *See* Chapter 11 Case Management Summary [ECF no. 4].

21. Prior to the Petition Date, the Debtor had monthly transactional bank activity (inflows and outflows) of in excess of $3,000,000 as recently as December, 2023. Such activity included numerous intercompany transactions involving hundreds of thousands of dollars among the Debtor, certain of the Affiliates, Khan and relatives of

4

Khan.

22. On April 22, 2024, the Court entered its Fourth Interim Order Granting Debtor's Further Use of Cash Collateral and Setting Continued Hearing [ECF no. 101] which extended the Court's Order of March 28, 2024 [ECF no. 75] and set a continued hearing on May 22, 2024. The Court has entered subsequent Orders authorizing the Debtor's continued use of cash collateral.

23. The Debtor projected revenues in February (13-29th), March, 2024 and April, 2024 in the amounts of **$537.00, $300,000 and $350,000**, respectively [ECF no. 42].

24. The Debtor's monthly operating report for June 30, 2024 reflects accounts payable due to Prime Imports of Guyana SA Corp. (an Affiliate) for $614,279 and accounts receivable due from United Sierra Group Corp. (also, an Affiliate) for $733, 314 [ECF no. 162].

25. The Debtor's monthly operating report for July 30, 2024 reflects accounts payable due to Prime Imports of Guyana SA Corp. for $644,999.59 and accounts receivable due from United Sierra Group Corp. for $780,443.06 [ECF no. 176].

26. The Debtor's monthly operating reports indicate that the Debtor has one employee.

27. The Debtor's monthly operating reports reflect no payroll expense for June, 2024 and July, 2024.

28. Upon information and belief, the Debtor no longer does business with the majority, if not all, of its pre-petition customers.

29. While sales of the Debtor effectively ceased as of the Petition Date and now appear limited to intercompany transactions with certain Affiliates, revenues generated by Defendant have grown significantly during the course of this Chapter 11 case.

30. Upon information and belief, monthly revenues of the Defendant have

5

increased from approximately $716,000 in January 2024 to approximately $2,100,000 in May, 2024.

31. Upon information and belief, the Defendant derives the majority of its revenue from the same customers which previously transacted business with and no longer do business with the Debtor.

32. During a Rule 2004 examination of Khan on June 18, 2024, Khan acknowledged that customers of the Defendant previous did business with the Debtor and in order to maintain relationships with customers, he had to conduct sales by and through the Defendant rather than the Debtor.

> Q. Okay, and are you the primary contact for sales by US Healthcare Distributor?
> A. Yes.
> Q. And where does US Healthcare Distributor operate?
> A. Right now it's operating out of the same place, where we have the plant for USG.
> Q. Okay. Are these sales similar to sales by the debtor, in terms of purchase order, or order over the phone, or email that -- strike that. Let me rephrase. Do you have contracts with these customers?
> A. No contracts.
> Q. So how did these customers purchase product from US Healthcare?
> A. I contact them on the phone, and we spend time going over the items, the prices, the availability, when they're going to be available. Based on that, we work up an order, and then that's how it goes.

See Rule 2004 Examination of Nasir Khan, page 87.

## COUNT I -
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

33. Plaintiff reasserts the factual allegations contained herein as if fully set forth herein.

34. There exists an actual controversy with respect to the ownership of customer lists, employee lists, accounts receivable and proceeds, vendor lists, telephone numbers, general intangibles and goodwill rights, to include relationships with customers and suppliers (collectively, "Estate Property"), which are the Debtor's critical information now utilized by and benefitting Defendant, which comprise property of the Bankruptcy Estate,

pursuant to 11 U.S.C. § 541 and a requires a declaration thereof.

35. On information and belief, the Defendant and\or their agents have possession of the Estate Property.

36. The Estate Property is in the possession of the Defendant and is of consequential value to the Bankruptcy Estate.

37. Defendant is liable for the equivalent value of the assets held and utilized by Defendant, removed or redirected from the Debtor or in the Debtor's name, pursuant to 11 U.S.C. §§ 541, 542 and 544.

38. Plaintiff is entitled to recovery and turnover of property of the estate or its equivalent value from Defendant, pursuant to 11 U.S.C. §§ 541 and 542, on behalf of Bankruptcy Estate.

39. The Bankruptcy Estate has suffered actual injury as a result of the Debtor's alleged diversion of Estate Property to the Defendant, which injury can be redressed by a finding that such assets are property of the Bankruptcy Estate.

40. The Defendant solicited customers of the Debtor at a time when the Debtor lacked financing within which to acquire product. In a Rule 2004 examination on June 18, Khan testified as follows:

> Q. And the customers include Quality King Distributors, is that correct?
> A. That is correct.
> Q. C&R Wholesale?
> A. Yes.
> Q. Purity Wholesale Grocers?
> A. Yes.
> Q. Quality King Distributors?
> A. Yes.
> Q. And these are the same customers that we talked about earlier, that used to do business with the debtor, Universal-1, is that correct?
> A. That's correct.
> Q. And is there any reason you didn't sell through the debtor?
> A. Well, right now it's difficult to get product under Universal-1 because there is no available financing, that's one. Secondly, I'm not sure about the future of Universal at this time. Because it's in bankruptcy, it's very uncertain, and I want to maintain my relationship with these customers. So I've got to sell them under US Healthcare, to continue my relationship, keep my good name, and work on paying back the creditors I owe money to.

7

See Rule 2004 Examination of Nasir Khan, pages 89-90.

41. At all material times, the Defendant has exercised dominion and control of the Estate Property, to include Debtor's customers and its relationships, deriving sales, accounts receivable and proceeds, to the detriment of the Bankruptcy Estate.

42. A declaration that the Estate Property utilized and controlled by the Defendant are property of the Bankruptcy Estate is necessary to prevent injustice in this case.

**WHEREFORE,** the Plaintiff respectfully requests the Court to enter a declaratory judgment in favor of the Plaintiff, on behalf of the Bankruptcy Estate, and against the Defendant:

A. Determining that the Defendant, Csillag and\or Khan have acted willfully and knowingly to injure the Bankruptcy Estate;

B. Estate Property being utilized and benefitting Defendant are property of the Bankruptcy Estate; and

C. Awarding the Plaintiff's attorneys' fees and costs to the extent permitted by applicable law; and

D. Granting any and all further relief this Court deems fair and equitable.

### COUNT II – CONVERSION OF ESTATE ASSETS

43. Plaintiff incorporates by reference the factual allegations contained herein.

44. Plaintiff, on behalf of the Bankruptcy Estate, possessed, or had the right to immediate possession of property of the estate.

45. The property of the estate, the Estate Property, was personal property.

46. Defendant unlawfully and without authority, assumed dominion and control over

the Estate Property, including but not limited to general intangibles, telephone numbers, customer lists, vendor lists, and other items previously utilized and maintained at the Debtor's location.

47. Defendant converted the Estate Property without approval of the Court or Plaintiff's consent.

48. As a result of Defendant's' wrongful exercise of dominion or control over the property of the estate, including, but not limited to, taking customer lists and re-directing existing clients and accounts, Defendant has injured the Bankruptcy Estate and destroyed a number of business opportunities.

49. Defendant converted estate assets including but not limited to documents, customer telephone numbers and relationships, vendor lists and pricing schedules to the detriment of the estate.

**WHEREFORE,** the Plaintiff respectfully requests the Court to enter a judgment in favor of the Plaintiff, on behalf of the Bankruptcy Estate, and against the Defendant:

A. Determining that the Defendant converted property of the estate which injured the Bankruptcy Estate;

B. Determining that Estate Property being utilized and benefitting Defendant are property of the Bankruptcy Estate;

C. Awarding the Plaintiff's attorneys' fees and costs to the extent permitted by applicable law.

### Count III - PURSUANT TO 11 U.S.C. § 549 AND § 550: POST-PETITION TRANSFERS

50. Plaintiff incorporates by reference the factual allegations contained herein.

51. On information and belief, Defendant after the filing of the voluntary petition, contacted, solicited and invoiced customers of the Debtor, and collected monies and receivables owing to the Bankruptcy Estate subsequent to the Petition Date.

52. On information and belief, Defendant contacted vendors after the filing of the voluntary petition, were invoiced by the vendors under the name of Defendant, or certain Affiliates.

53. Defendant was fully aware of the Debtor's insolvency and bankruptcy status at the time accounts receivables, customer lists, phone numbers, and other property of the estate were taken in violation of United States Bankruptcy Code.

54. Said post-petition transactions were not authorized by the Court, or any law.

55. Pursuant to 11 U.S.C. § 549 and § 550, Plaintiff on behalf of the Bankruptcy Estate, may recover the property transferred or the value of such property.

**WHEREFORE,** the Plaintiff respectfully requests the Court to enter a judgment in favor of the Plaintiff, on behalf of the Bankruptcy Estate, and against the Defendant:

A. Determining that the Defendant converted property of the estate post-petition in violation of 11 USC §§ 549 and 550 which injured the Bankruptcy Estate;

B. Determining that Estate Property being utilized and benefitting Defendant are property of the Bankruptcy Estate;

C. Awarding the Plaintiff's attorneys' fees and costs to the extent permitted by applicable law.

### COUNT IV - TURNOVER PURSUANT TO 11 U.S.C. § 542

56. The Plaintiff reasserts the allegations as fully set forth herein.

57. Pursuant to 11 U.S.C. § 541, the Estate Property, to include accounts receivable and collections therefrom by Defendant are property of the Debtor's bankruptcy estate and must be turned over to the Plaintiff on behalf of the Bankruptcy Estate.

58. Pursuant to 11 U.S.C. § 541, any and all books and records, assets, and electronic equipment owned by Defendant is property of the Debtor's bankruptcy estate

and must be turned over to the Plaintiff.

**WHEREFORE,** the Plaintiff on behalf of the Bankruptcy Estate, respectfully requests the Court to enter a judgment in favor of the Plaintiff and against the Defendant directing the Defendant to:

A. Turnover Estate Property to the Bankruptcy Estate, as well as all accounts receivable and receipts therefrom, and all of Defendant's assets, books and records, and, electronic equipment;

B. Awarding the Plaintiff's attorneys' fees and costs to the extent permitted by applicable law; and

C. Granting any and all further relief this Court deems fair and equitable.

## COUNT V-
## ALTER EGO

59. Plaintiff reasserts the allegations contained herein as if fully set forth herein.

60. Plaintiff on behalf of the Bankruptcy Estate, has suffered actual injury as a result of the Debtor's alleged diversion of Estate Property to the Defendant, which injury can only be redressed by a finding that such assets are property of the Bankruptcy Estate.

61. The Defendant through Khan and\or Csillag allegedly solicited and pursued customers of the Debtor at a time when the Debtor allegedly lacked financing within which to acquire product.

62. At all material times, the Defendant has exercised complete dominion and control of the Debtor's Estate Property, to include customers and its relationships, deriving sales, accounts receivable and proceeds, to the detriment of the Bankruptcy Estate.

63. At all material times, the Debtor's principals, Csillag and\or Khan, have exercised complete dominion and control of the Defendant.

64. Khan and\or Csillag have always had primary contact with customers of the Debtor.

65. The Debtor, certain Affiliates, Defendant and Khan, have engaged in extensive intercompany transactional activity prior to and subsequent to the Petition Date.

66. The Debtor improperly and fraudulently transferred the Estate Property to Defendant in order to shield assets from its creditors and deprive the Bankruptcy Estate from the value thereof.

67. Defendant is a mere instrumentality of the Debtor used to shield assets and revenues from creditors.

68. As a result, the Plaintiff and Bankruptcy Estate have suffered damages.

**WHEREFORE,** the Plaintiff respectfully requests the Court to enter a declaratory judgment in favor of the Plaintiff and against the Defendant:

A. Determining that Defendant is the alter-ego of the Debtor;

B. Awarding the Plaintiff's attorneys' fees and costs to the extent permitted by applicable law; and

C. Granting any and all further relief this Court deems fair and equitable.

## COUNT VI - SUBSTANTIVE CONSOLIDATION

67. Plaintiff incorporates by reference the factual allegations contained herein.

68. At all material times, the Defendant's financial reporting never reflected sums due to the Debtor from Defendant based upon the accounts receivables and other assets of the Debtor diverted by Csillag and\or Khan to Defendant.

69. At all material times, Defendant did not maintain financial statements that reflected sums due to the Debtor as a result of Defendant's diversion of the Debtor's customers, accounts receivable and other assets of the Debtor diverted by Csillag and\or Khan to Defendant.

70. The Debtor and Defendant have common ownership in that Csillag owns 100% of the equity of both entities and is the sole principal of both entities and the

Affiliates. Khan is the primary decision maker for the Debtor, Defendant and Affiliates.

71. Upon information and belief, Defendant had minimal business operations separate and apart from the business of the Debtor, prior to the Petition Date.

72. The finances of the Debtor, Defendant and certain Affiliates are so intermingled and interdependent that administration of the Debtor's Bankruptcy Estate without Defendant would leave creditors of the Debtor without essential assets and avoidance actions that, but for the significant revenues of Defendant derived by the Estate Property, the Debtor's creditors could use to satisfy debts owed to them.

73. There is a degree of difficulty in segregating and ascertaining the individual assets and liabilities of the Debtor and Defendant.

74. The Debtor, through Csillag and\or Khan has diverted assets, the Estate Property, of the Debtor to the Defendant.

75. There is a unity of interest in Defendant given that the Debtor and Defendant are owned and controlled by the same individuals, Csillag and Khan.

76. The Debtor has transferred or diverted assets of the Debtor to Defendant without formal observance of corporate formalities.

77. Pursuant to 11 U.S.C. § 105, this Court, as a court of equity, has the power to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.

78. Given the identity of interest between the Debtor and Defendant, it is necessary and appropriate that the business affairs of Defendant be administered and resolved in conjunction with the affairs of the Debtor in its Bankruptcy Estate.

79. Substantive consolidation will streamline and maximize the distribution of assets among all creditors of the Bankruptcy Estate and the prosecution of litigation claims.

80. Substantive consolidation is necessary to ensure the equitable treatment of all creditors, in that the creditors of the Debtor will receive a diminished and diluted

share of assets if Defendant is not brought into these proceedings, allowing the Debtor and its principals to shield assets through misappropriation and utilization of Estate Property, through a non-debtor entity.

**WHEREFORE,** Plaintiff, respectfully requests this Honorable Court enter judgment on behalf of the Bankruptcy Estate, and against Defendant, as follows:

A.  declaring that at all material times Defendant, was an alter ego of the Debtor;

B.  substantively consolidating Defendant, into the Debtor's Bankruptcy Estate; and

C.  granting such other and further relief as this Court deems just and proper.

## COUNT VII –
## BREACH OF FIDUCIARY DUTY AGAINST CSILLAG

81. The Plaintiff reasserts the allegations contained herein as if fully set forth herein.

82. Officers and directors of a corporation are liable for damages to the corporation which result from a breach of their trust, a violation of authority or neglect of duty. See *Flight Equip. & Eng'g Corp. v. Shelton,* 103 So. 2d 615, 627 (Fla. 1958).

83. Corporate law recognizes two fundamental fiduciary duties: the duty of care and the duty of loyalty. See *Taubenfeld v. Lasko,* 324 So. 3d 529 (Fla. 4th DCA 2021) (citing *In re Orchard Enters., Inc. Stockholder Litig.,* 88 A.3d 1, 32 (Del. Ch. 2014). "These duties differ in nature and content, though they doubtless intersect and overlap." *Omnibank of Mantee v. United S. Bank,* 607 So. 2d 76, 84 (Miss. 1992)). *See id*.

84. Csillag is the President of the Debtor and executed the bankruptcy schedules on behalf of the Debtor. As such, she had fiduciary duties to the Debtor corporation.

85. Csillag breached her fiduciary duties to the Debtor by diverting, transferring or misappropriating Estate Property to the Defendant in cooperation with Khan.

86. Csillag's breach of her fiduciary duties harmed the Debtor and benefitted the Defendant.

**WHEREFORE,** Plaintiff, respectfully requests this Honorable Court enter judgment on behalf of the Bankruptcy Estate, and against Csillag, as follows:

A. declaring that Csillag breached her fiduciary duties to the Debtor;;

B. awarding damages to the Bankruptcy Estate; and

C. granting such other and further relief as this Court deems just and proper.

### COUNT VIII – UNJUST ENRICHMENT

87. The Plaintiff reasserts the allegations contained herein as if fully set forth herein.

88. By transferring the Estate Property, the Debtor conferred a substantial financial benefit on Defendant, each of which having knowledge thereof.

89. Defendant voluntarily accepted and retained the benefits conferred.

90. The circumstances are such that it would be inequitable for Defendant to retain the benefit of the Debtor's transfer and\or misappropriation of Estate Property without Defendant paying the value thereof.

**WHEREFORE,** Plaintiff, respectfully requests this Honorable Court enter judgment on behalf of the Bankruptcy Estate, and against Defendant, as follows:

A. declaring that at all material times Defendant, was unjustly enriched to the detriment of the Debtor and Bankruptcy Estate;

B. awarding damages to the Bankruptcy Estate; and

C. granting such other and further relief as this Court deems just and proper.

Dated: September 9, 2024

**SHAPIRO LAW**

By: */s/ Peter E. Shapiro*
Peter E. Shapiro
Florida Bar No. 615551
8551 West Sunrise Boulevard Suite 300
Plantation, Florida 33322
Telephone: (954) 315-1157
Email: pshapiro@shapirolawpa.com

*Counsel for Green Tree Capital, LLC*